UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| AMERICAN HERITAGE LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. _____ |
| ZOE L. KNIGHT and MIRANDA L. KNIGHT, | § § § | |
| Defendants. | § § | |

---

**COMPLAINT IN INTERPLEADER**

---

Plaintiff American Heritage Life Insurance Company, for its Complaint In Interpleader, states:

I. PARTIES

1.      Plaintiff American Heritage Life Insurance Company ("AHLIC") is a Florida corporation with its principal office in Florida.

2.      Defendant Zoe L. Knight ("Zoe") is currently housed at the Jefferson County Detention Center at 765 Justice Center Drive, Dandridge, Tennessee 37725. Prior thereto, Zoe resided in Cosby, Tennessee.

3.      Defendant Miranda L. Knight ("Miranda") is a resident of the State of North Carolina, with a residential and mailing address of 1067 Bald Creek Road, Clyde, North Carolina 28721.

## II. JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because it concerns entitlement to benefits under a group life insurance policy, which constitute plan documents of an "employee welfare benefit plan" that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Interpleader is a form of "appropriate equitable relief" under 29 U.S.C. § 1132(a)(3)(B).

5. This Court also has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship exists between AHLIC and all Defendants, and, as discussed below, more than $75,000.00 is in controversy, exclusive of interest and costs.

6. A separate basis for this Court's subject matter jurisdiction is 28 U.S.C. § 1335, which provides the Court with original jurisdiction over interpleader suits involving the claims of jurisdictionally-diverse individuals to money or property valued at $500.00 or more. As shown herein, the amount in dispute in this case is at least $100,000.00, and minimal diversity exists between Defendants.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1397, which provides that "[a]ny civil action of interpleader or in the nature of interpleader under section 1335 of this title may be brought in the judicial district in which one or more of the claimants reside." Miranda resides in this judicial district. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3).

8. Pursuant to 28 U.S.C. § 2361, AHLIC is permitted to serve Defendants anywhere within the United States.

9.     Lisa L. Goode ("Ms. Goode"), deceased, was an employee of Duplin Wine Cellars ("Duplin") in Gatlinburg, Tennessee, and resided in Newport, Tennessee. Ms. Goode was a Plant Manager for Duplin.

10.     Zoe is Ms. Goode's son, and Miranda is Ms. Goode's daughter.

11.     During her employment with Duplin, Ms. Goode was a participant in a group life insurance plan offered by Duplin. The plan included an accidental death benefit rider for which Ms. Goode applied and obtained.

12.     The Duplin plan was insured by a policy of insurance issued by AHLIC, which policy was assigned policy number 51EA531400 ("Policy"). A true and exact copy of the Policy is attached hereto as Exhibit A.

13.     Pursuant to the basic life provisions of the Policy, AHLIC incurred the obligation to pay $100,000.00 in the event of Ms. Goode's death during coverage, assuming no exclusions applied. Pursuant to the accidental death benefit rider, AHLIC incurred the obligation to pay $100,000.00 in the event Ms. Goode's death was caused by a qualifying accident during coverage. AHLIC's obligations to pay would be according to the beneficiary designations made by Ms. Goode or the default provisions in the Policy.

14.     On September 22, 2022, Ms. Goode completed a Group Enrollment and Evidence of Insurability Form, along with four addenda, by which she designated Zoe and Miranda each as 50% primary beneficiaries of the Policy's life and accidental death benefits. Ms. Goode did not change these designations before her death. A redacted version of the Group Enrollment and Evidence of Insurability Form is attached hereto as Exhibit B.

15.     On December 7, 2024, Ms. Goode was found dead inside her home in Newport, Tennessee. She died on December 7, 2024, from multiple stab wounds. A copy of Ms. Goode's death certificate is attached hereto as Exhibit C.

16.     A grand jury for the Fourth Judicial District in Tennessee indicted Zoe on a first-degree murder charge in connection with Ms. Goode's death. Thereafter, Zoe was arrested in Wake County, North Carolina, and extradited to Cocke County, Tennessee, on June 20, 2025. Upon information and belief, Zoe is being housed at the Jefferson County Detention Facility while awaiting trial on the murder charge.

17.     AHLIC has determined that life insurance and accidental death benefits under the Policy as a result of the death of Ms. Goode are payable to the appropriate individual or individuals.

18.     On December 12, 2024, Miranda signed and submitted to AHLIC a Claimant's Statement by which she claimed an interest in the Policy's proceeds in connection with Ms. Goode's death. A redacted version of Miranda's Claimant's Statement is attached hereto as Exhibit D.

19.     On January 24, 2025, AHLIC paid to Miranda, via ACH, the sum of $100,224.66, which represents Miranda's 50% beneficiary interest in the life and accidental death benefits payable under the Policy, along with accrued interest.

20.     Although Ms. Goode designated Zoe as a 50% primary beneficiary of benefits payable as a result of her death, North Carolina's slayer statute, Tennessee's slayer statute, federal common law, and/or public policy prevent Zoe from recovering those benefits if it is determined that he killed, conspired with another to kill, or procured to be killed Ms. Goode.

21.     Zoe has not disclaimed his possible interest in the proceeds under the Policy.

22. If Zoe is found to be Ms. Goode's slayer and therefore disqualified from receiving the disputed 50% benefits payable because of Ms. Goode's death, the Policy contains a contractual order of preference for receipt of those benefits: spouse, children, parents, siblings, estate.

23. According to her obituary, Ms. Goode had no spouse at the time of her death. Ms. Goode's only known children are Zoe, a possible slayer, and Miranda.

23. If Zoe is ultimately found to be Ms. Goode's slayer, the remaining 50% of benefits payable under the Policy are due and payable to Miranda. Miranda, through counsel, has asserted to AHLIC that she should receive the remaining 50% in benefits. (*See* Exs. E, F.)

24. To AHLIC's knowledge, the criminal case against Zoe has not been fully and finally resolved and no civil action has been instituted to determine whether Zoe is Ms. Goode's slayer. Final resolution of the slayer issue could take an extended period of time as no trial date has been set. However, interest continues to accrue on the remaining 50% in benefits while they are in AHLIC's possession, and AHLIC has a strong interest in paying the benefits into the Court as soon as possible and removing itself from the dispute between Zoe and Miranda.

## IV. CLAIM FOR RELIEF (Interpleader)

25. By reason of Zoe possibly being Ms. Goode's slayer, AHLIC is in doubt as to who is entitled under the Policy to be paid the remaining 50% of Ms. Goode's life insurance and accidental death benefits. Miranda is claiming those benefits even though no final judgment has been entered by a court establishing Zoe's guilt or culpability as a slayer.

26. AHLIC acknowledges that the life insurance and accidental death benefits should be paid and expressly disavows any interest in those benefits. However, AHLIC is in grave doubt and is uncertain as to the party or parties entitled to receive all or any part of the remaining 50% in proceeds of the Policy as a result of Ms. Goode's death because of the competing claims and

the pending murder charge. AHLIC is actually or potentially exposed and subject to conflicting and adverse claims and multiple liability and involving costs and expenses of defending possible multiple suits seeking the recovery of the Policy's proceeds.

27.     Therefore, with the filing of this Complaint In Interpleader or shortly thereafter, AHLIC is or will be filing a motion, pursuant to Local Rule 67.1, seeking permission to deposit immediately with the Clerk of the United States District Court for the Western District of North Carolina the remaining 50% from Ms. Goode's life insurance and accidental death benefits, $100,000.00, along with applicable interest.

28.     The actual or possible competing claims of Zoe and Miranda are such that AHLIC is or may be exposed to double or multiple liability under the Policy with respect to Ms. Goode's death.

29.     Zoe and Miranda should, therefore, be compelled to interplead their respective claims, and AHLIC should be discharged by the Court of any further obligation to pay any benefits under the Policy to anyone with respect to Ms. Goode's death and should be dismissed from this case with prejudice.

30.     Because of the possible conflicting and adverse claims to the benefits under the Policy, AHLIC has been required to employ legal counsel to, among other things, prepare and file this civil action and serve Defendants. AHLIC has obligated itself to pay its counsel a reasonable fee for services and has incurred court costs and other expenses incident to this action. AHLIC asserts that it is entitled to be reimbursed its reasonable attorneys' fees and costs from the proceeds of the Policy being deposited with the Court.

WHEREFORE, AHLIC prays:

1.      Defendants be required to interplead and settle between themselves their respective rights to the remaining 50% in life insurance and accidental death benefits payable under the Policy as a result of Ms. Goode's death.

2.      AHLIC be granted permission to deposit with the Clerk the amount of $100,000.00, representing the remaining 50% in life insurance and accidental death benefits at issue in this case, along with applicable interest.

3.      AHLIC be discharged from any further liability under the Policy with respect to the death of Ms. Goode, be dismissed with prejudice from this matter, and be allowed to recover costs and expenses incurred in bringing this action, together with reasonable attorneys' fees.

4.      The Court enter an order permanently enjoining and restraining Defendants and any other person, entity, or organization unidentified at this time who has made a claim or who may make a claim to the interpleaded funds from taking any action or commencing or continuing any proceeding against AHLIC relating to the interpleaded funds, the life and accidental death insurance benefits, or the Policy as they relate to Ms. Goode's death.

5.      Standard be awarded any and all other relief that the Court deems appropriate.

Respectfully submitted this the 5th day of June, 2026

*/s/ Rachel H. Boyd*
Rachel H. Boyd
NC Bar No. 56974
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
2235 Gateway Access Point, Suite 220
Raleigh, North Carolina 27607
Telephone: (984) 844-7900
rboyd@bakerdonelson.com
